# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| Intellectual Ventures II LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:15-CV-59-JRG |
| | § | |
| Bitco General Insurance Corp., f/k/a, | § | **JURY TRIAL DEMANDED** |
| Bituminous Casualty Corp.; and | § | |
| Bitco National Insurance Co., f/k/a | § | |
| Bituminous Fire and Marine Insurance Co., | § | |
| | § | |
| *Defendants*. | § | |

## INTELLECTUAL VENTURES' SUR-REPLY TO BITCO'S AMENDED VENUE TRANSFER MOTION

The Court should deny Bitco's motion to transfer.  As an initial matter, Bitco makes a number of statements in its Reply suggesting that this case was not properly brought in this District, such as "district where it doesn't legally belong" and "venue isn't created." Dkt. No. 44 at 1, 4. But Bitco has not—and cannot—dispute that it is subject to personal jurisdiction in this Court or that venue is proper here. *See* Dkt. No. 37, ¶ 7.  It did not file a motion to dismiss for improper venue.  And for good reason.  Bitco undisputedly conducts business in Texas and is thus subject to personal jurisdiction in Texas. It has offices here, employees here, agents here, customers here, and collects millions of dollars in premiums here every year. Intellectual Ventures' patent infringement claims arise from direct infringement by Bitco and its agents, many of whom reside and operate in or near this District. This action has a substantial connection to this District.

Bitco makes three arguments for transferring the case from this District: (1) its presence near this District (specifically in Texas) is irrelevant; (2) damages and validity sources of proof are irrelevant because those issues have yet to fully crystallize; and (3) keeping the related Bitco and Great West cases in this District for judicial economy purposes is tantamount to allowing a plaintiff to "manufacture venue." *See* Dkt. No. 44. These arguments fail.  First, it is Bitco's burden to prove that the Central District of Illinois is clearly more convenient than this District, and Bitco's activities that are substantially closer to this District than the Central District of Illinois are plainly relevant to that inquiry. Likewise, because the private interest factors require the movant to anticipate, with specificity, circumstances justifying a transfer, the stage of the case does not excuse Bitco's inability to identify sources of proof related to damages and invalidity. Finally, as discussed above, Plaintiff did not "manufacture venue"—it is undisputedly proper in this District. And where two cases involving the same issues are pending in the same

district, the paramount consideration of judicial economy weighs in favor of keeping the cases in that district rather than have duplicate litigation over common claim construction, validity, and infringement issues. Accordingly, Bitco's Amended Motion should be denied.

A.      **Bitco's Activities in Texas Are Substantial and Relevant**

Bitco argues that because § 1404(a) relates to transfer among districts, facts relating to Bitco's presence in Texas generally are irrelevant. Dkt. No. 44 at 2. The law of this District directly contradicts Bitco's argument. *Deep Nines, Inc. v. McAfee, Inc.*, No. 9:09-cv-89, 2009 U.S. Dist. LEXIS 104817, at *2 (E.D. Tex. Nov. 10, 2009) (denying transfer where defendants had "significant contacts with Texas generally, and the Eastern District specifically"). Documents, witnesses, and all other potential sources of proof located substantially closer to this District than Illinois, whether in or near this District, are decidedly relevant to Bitco's claim that the Central District of Illinois is "clearly more convenient" for the parties and witnesses than this District.

Bitco has significant contacts both in Texas generally and in the Eastern District in particular. As stated by Bitco's own declarant, Texas is the only state with multiple Bitco offices. *See* Dkt. No. 40 at 5. The Irving office is Bitco's largest branch office by number of employees and second largest office by Bitco's own size metric (premiums sold). *Id.* By these metrics, Texas is more central to Bitco's operations than Illinois. *Id.* at 5–6. Indeed, Bitco's website lists 51 insurance agencies located within 100 miles of Tyler, Texas, but only 14 within 100 miles of Rock Island, Illinois. *Id.* at 6. Further, Bitco has identified at least twenty agencies (which it alleges are third parties) located in this District, and it collected over $200 million in premiums

in Texas over the last three years. *Id.* at 6, 14.[1] Bitco does not deny these facts, and these facts

weigh against transfer.

**B.    Bitco's Failure to Specifically Identify Sources of Proof Relating to Damages and Validity Weighs Against Transfer**

Bitco next argues that it cannot be expected to identify damages and validity sources of

proof because damages and invalidity theories are not yet fully fleshed out. Dkt. No. 44 at 3–4.

Yet, identifying sources of proof likely to arise later in a case is exactly what the private interest

factors require. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

And it is Bitco's burden to prove that these potential circumstances make the transferee venue

clearly more convenient. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)

(en banc) ("*Volkswagen II*"). To meet its burden, Bitco must identify its sources of proof with

some specificity such that the Court may determine whether transfer will increase the

convenience of the parties. *J2 Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*, Civ. No. 6:08-

CV-211, 2009 U.S. Dist. LEXIS 13210, at *2 (E.D. Tex. Feb. 20, 2009). In failing to identify

such sources of proof with specificity,[2] Bitco fails to meet its burden of proving that the Central

District of Illinois is clearly more convenient than this District.

Bitco complains that Plaintiff's damages theory has not yet been disclosed and that

invalidity contentions will come later. But Bitco dedicates half a page to anticipating Intellectual

Ventures' damages theory, all the while failing to identify a single witness who would be

relevant to these theories, much less one unwilling to testify in this District. Likewise, it is hard

to believe that Bitco, having plead invalidity defenses in its answer, cannot anticipate any

---

[1] Bitco's assertion that "IV hasn't shown this district is commercially significant for Bitco" is bold, but wrong. Dkt. No. 44 at 3. This District and State are clearly quite significant for Bitco.
[2] Bitco claims: "one can be confident that most of the percipient damages witnesses and documents will come from Illinois," *id.*, but identifies no such documents or witnesses.

sources of proof likely to support those defenses. And while Bitco argues that Intellectual Ventures has not identified validity witnesses in this District, the burden of proof for transfer, like the burden for invalidity, falls on Bitco. Because Bitco has not demonstrated that transfer will result in more convenient access to sources of proof, Bitco fails to carry its burden of proof.

**C.    Judicial Economy Heavily Favors Keeping the Related Cases In This District**

Bitco last argues that keeping the related Bitco and Great West cases in this District is not judicial economy but rather "allowing a plaintiff to manufacture venue." Dkt. No. 44 at 5. Bitco's argument rests in large part on the fact that Intellectual Ventures has filed other cases in the Western District of Pennsylvania. *Id.* at 1, 5. As discussed above and in Intellectual Ventures' Response, both Great West and Bitco have significant ties to Texas and this District, and neither defendant disputes that this case was properly brought here. Intellectual Ventures did not manufacture venue. The Western District of Pennsylvania cases involve different defendants, different patents, and different technologies. In any case, Bitco does not seek transfer to the Western District of Pennsylvania and makes no effort to explain how the Pennsylvania cases supports transfer of this case to the Central District of Illinois.

Bitco also alleges that there is "disparity in the accused websites, and in the substance of IV's contentions," and that "common ownership by an ultimate parent can't bridge those chasms." Dkt. No 44 at 5. But Bitco has not explained what those disparities are or what chasms they fail to bridge. Both cases involve allegations of infringement of the same Patents-in-Suit. The accused instrumentalities are extremely similar—the infringement contentions for the '555 Patent in both cases focuses on Bitco's and Great West's use of identical or near-identical technology, implementation of Transport Layer Security Version 1.2. *Compare* 6:15-cv-59, Dkt. No. 24 at ¶ 26, *with* 6:15-cv-60, Dkt. No. 23 at ¶ 24. Likewise, the Defendants' asserted defenses

and counterclaims are virtually identical (as are their respective motions to transfer and replies in support thereof). And Defendants are represented by the same counsel and will likely serve joint invalidity contentions or at least substantially similar contentions, which neither defendant has denied. Further, as also noted in Intellectual Ventures' Response, it is quite likely that third-party witnesses such as inventors, prosecution counsel, and others will be common witnesses at depositions or at trial in both pending cases. Judicial economy is served by denying transfer of co-pending suits "involv[ing] the same patent-in-suit, pertain[ing] to the same underlying technology, and accus[ing] similar . . . services." *ColorQuick, LLC v. Vistaprint Ltd.*, Civ. No. 6:09-CV-323, 2010 U.S. Dist. LEXIS 136226, at *23–26 (E.D. Tex. Jul. 22, 2010), *aff'd*, 628 F.3d 1342 (Fed. Cir. 2010). The co-pending and substantially similar cases against the commonly owned Bitco and Great West defendants, which have already been consolidated for pre-trial purposes, are no different. Bitco's Motion should be denied.

For the foregoing reasons, Intellectual Ventures respectfully requests that the Court deny Bitco's Amended Motion to Transfer Venue.

Respectfully submitted,

DEREK GILLILAND
STATE BAR NO. 24007239


EDWARD CHIN
STATE BAR NO. 50511688
KIRK VOSS
STATE BAR NO. 24075229

WINN CUTLER
STATE BAR NO. 24084364
CHRISTIAN J. HURT
STATE BAR NO. 24059987
ROSS LEONOUDAKIS
STATE BAR NO. 24087915
NIX PATTERSON & ROACH, L.L.P.
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
dgilliland@nixlawfirm.com
edchin@me.com
kirkvoss@me.com
winncutler@nixlawfirm.com
christianhurt@nixlawfirm.com
rossl@nixlawfirm.com

BEN KING
STATE BAR NO. 24048592
NIX PATTERSON & ROACH, L.L.P.
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
benking@nixlawfirm.com

**ATTORNEYS FOR PLAINTIFF
INTELLECTUAL VENTURES II LLC**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service on this the 8th day of June, 2015.

_____
**NIX PATTERSON & ROACH, L.L.P.**