IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Case No. 6:15-cv-59-JRG | |
| § | LEAD CASE | |
| **Bitco General Insurance Corp., f/k/a,** § | | |
| **Bituminous Casualty Corp.; and** § | | |
| **Bitco National Insurance Co., f/k/a** § | | |
| **Bituminous Fire and Marine Insurance Co.,** § | | |
| § | **Jury Trial Demanded** | |
| *Defendants.* § | | |

___

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Intellectual Ventures II L.L.C.** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Case No.: 6:15-cv-60-JRG | |
| § | | |
| **Great West Casualty Company** § | **Jury Trial Demanded** | |
| *Defendant.* § | | |

## OPPOSED JOINT SUBMISSION OF COMPETING PROPOSED PROTECTIVE ORDERS

Pursuant to the Court's Docket Control Order, Plaintiff Intellectual Ventures II L.L.C. and Defendants file this Opposed Joint Submission of Competing Proposed Protective Orders to submit their competing proposed protective orders and request that the Court enter one of them.

The parties have diligently met and conferred regarding an appropriate protective order and have agreed on all but one issue, which the parties respectfully request that the Court decide.

Plaintiff's proposed protective order is attached as Exhibit A. Defendants' proposed protective order is attached as Exhibit B.

The parties' disagreement regarding paragraph 9 relates to whether in-house counsel for the parties will be screened from all information and materials designated as "RESTRICTED – ATTORNEYS' EYES ONLY." Plaintiff submits that in-house counsel should be barred from access to these information and materials, and Defendants submit that in-house counsel who exercise no competitive decision-making authority on behalf of the client should not be so barred. The parties' respective competing versions of paragraph 9 and arguments are as follows:

**I.     THE PARTIES' COMPETING VERSIONS OF PARAGRAPH 9**

    **A.     Plaintiff's Proposed Version of Paragraph 9**

For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and 5(e-k).

    **B.     Defendants' Proposed Version of Paragraph 9**

For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and 5(e-k); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

## II. THE PARTIES' POSITIONS

### A. Plaintiff's Position Statement

Plaintiff disagrees that any party's in-house counsel needs access to highly sensitive restricted materials in this case, i.e., those information and materials designated "RESTRICTED – ATTORNEYS' EYES ONLY." In this case, the parties have agreed that some materials must be restricted to outside attorneys only. *See* Ex. A, ¶ 10(e) (RESTRICTED CONFIDENTIAL SOURCE CODE). The Defendants contend, however, that an uncapped number of in-house counsel should be permitted access to information and materials designated "RESTRICTED – ATTORNEYS' EYES ONLY."

The parties have retained experienced outside counsel and will have experts to analyze restricted materials and prepare their case. There is no need for in-house counsel access to Plaintiff's or third-parties' "RESTRICTED – ATTORNEYS' EYES ONLY" materials. In advocating for in-house counsel access, the Defendants have not provided specific information to Plaintiff to demonstrate why an uncapped number of their in-house counsel should be permitted to access Plaintiff's or third-parties' "RESTRICTED – ATTORNEYS' EYES ONLY" information. Although the Defendants have indicated generally that having access to "RESTRICTED – ATTORNEYS' EYES ONLY" information will assist their in-house counsel in managing the litigation, the Defendants have not demonstrated any actual prejudice that would be incurred if their in-house counsel do not have access to the most highly sensitive "RESTRICTED – ATTORNEYS' EYES ONLY" information. If the Defendants' in-house counsel need to understand the gist of certain motions, then receiving briefs and exhibits with the "RESTRICTED – ATTORNEYS' EYES ONLY" information redacted should be amply sufficient for them to manage the litigation. Convenience to in-house counsel is not a sufficient

basis to obtain an opposing party's and third-parties' most highly sensitive information. Defendants' outside counsel would still have the full range of "RESTRICTED – ATTORNEYS' EYES ONLY" materials to successfully represent Defendants in the litigation.

The Plaintiff, numerous third-parties that are Plaintiff's investors, and numerous licensees of Plaintiff's vast patent portfolio will very likely incur prejudice if Defendants' in-house counsel has access to Plaintiff's and these third-parties' highly sensitive "RESTRICTED – ATTORNEYS' EYES ONLY" information.  There are dozens of investors in Plaintiff's patent portfolio.  Similarly, there are dozens of licensees of Plaintiff's vast patent portfolio.  These numerous investors or licensees have entered into highly sensitive financial agreements such as investor agreements and/or license agreements with Plaintiff that, as third parties, they would not want divulged to in-house counsel who are directly employed by the Bitco and Great West defendants, who may be direct competitors with Plaintiff's investors and licensees.

To the extent that the Defendants seek discovery of such materials, which Plaintiff does not concede are relevant or discoverable in this case, allowing Defendants' in-house counsel access to such highly sensitive information for numerous third-parties is likely to drastically increase the amount of motion practice involving supplemental protective orders sought by said third-parties to avoid such unfettered and intrusive disclosures to Defendants' in-house counsel. Many of the agreements between Plaintiff and these third-parties have confidentiality clauses that mandate the disclosure of the agreements be limited to the fullest extent possible under the law or legal process and have objected strenuously in other litigation matters where a disclosure to in-house personnel was considered.

The Plaintiff will be prejudiced because its relationships with each of these third-parties are likely to suffer due to the third-parties' frustration and concerns about doing business with

Plaintiff, entering into confidentiality agreements with Plaintiff, and then only to find out later that their most highly sensitive information and arrangements with Plaintiff are being disclosed to the Defendants, potentially the third parties' direct competitors, and their in-house counsel and who have not demonstrated any actual need to review such highly sensitive materials.

The simplest and fairest solution is to restrict all parties' in-house counsel from the most sensitive protected materials. This will minimize disputes before this Court and put all parties, particularly third-parties, on equal footing. Plaintiff's proposal eliminates the risk of numerous motions for supplemental protective orders from the numerous affected third parties, which would substantially impede the progress of this action and unnecessarily use the Court's limited resources. Accordingly, the Court should deny Defendants' request for in-house counsel access to "RESTRICTED – ATTORNEYS' EYES ONLY" materials.

### B.     Defendants' Position Statement

The BITCO companies and Great West respectfully submit that the default language of paragraph 9 from the Court's sample Protective Order is appropriate for this case. The default language allows some in-house counsel to access information designated "RESTRICTED – ATTORNEYS' EYES ONLY" but only if such counsel exercise no competitive decisionmaking authority on behalf of the client. This provides in-house counsel—who don't present an unacceptable opportunity for inadvertent disclosure—with full access to to case specifics to effectively evaluate case strategy and the possibility of settlement.

Plaintiff proposes that no in-house counsel have access to information designated "RESTRICTED – ATTORNEYS' EYES ONLY." The BITCO companies and Great West are insurance companies. Plaintiff does not compete with them and has not raised a concern about

it's own information. Instead Plaintiff raised the potential risk that third parties may object to disclosure of information in Plaintiff's possession if Defendants' in-house counsel can receive the information. During negotiations regarding the protective order, Plaintiff indicated it intends to produce license agreements with third parties, including financial companies that may be competitors of the BITCO companies and Great West. According to Plaintiff, the agreements have confidentiality terms that Plaintiff will have to comply with before producing. Plaintiff expects it may be difficult to secure cooperation from third parties if Defendants' in-house counsel are allowed to receive information about the agreements.

The default language in the protective order appropriately addresses this concern. It closely tracks *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). In *U.S. Steel*, the Federal Circuit vacated an order denying access to in-house counsel who had no competitive decision making authority. *Id*. at 1469. The court held "that status as in-house counsel cannot alone create that probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access." *Id*. at 1468. The court cautioned, however, that in-house counsel involved in competitive decisionmaking present an "unacceptable opportunity for inadvertent disclosure." *Id*. But the risk is be evaluated on a counsel-by-counsel basis by determining whether "a counsel's activities, association, and relationship with a client [] are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *Id*. at 1468 n.3. Those in-house counsel without such activities, association, and relationship do not present the unacceptable opportunity for inadvertent disclosure. *See Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577, 1580 (Fed. Cir. 1991) (in-house counsel sufficiently insulated from competitive decisonmaking presented no "'risk of inadvertent disclosure'

sufficient to justify denying him access"). Thus, the language restricting access to only those in-house counsel without competitive decision-making authority adequately protects the parties and any potential third parties that may compete with the BITCO companies and Great West.

A third party can seek additional protection if it wishes to do so. Also, in Paragraph 27 of the Protective Order, the parties retain the right to file a motion with the Court to apply for additional protection. If an issue arises, it can be dealt with more effectively in the context of a specific dispute. To prevent all disclosure at this point based merely on a potential risk would improperly hamper the parties ability to effectively evaluate and manage the case. Here, there is no good reason to prevent in-house counsel without competitive decisionmaking authority from accessing valuable case information. Therefore, the court should adopt Defendants' proposal regarding paragraph 9 of the protective order.

WHEREFORE, Plaintiff and Defendants jointly and respectfully request that the Court resolve the parties' disagreement as to the contested issue described herein and thereafter enter one of the parties' proposed Protective Orders to govern this case.

Dated: June 19, 2015                                  Respectfully submitted,

                                                      */s/ Edward Chin*

                                                      **Edward Chin**

                                                      **Derek Gilliland**
                                                      Texas State Bar No. 24007239
                                                      **Nix Patterson & Roach, L.L.P.**
                                                      205 Linda Drive
                                                      Daingerfield, Texas 75638
                                                      903.645.7333 (telephone)
                                                      903.645.5389 (facsimile)
                                                      dgilliland@nixlawfirm.com
                                                      Attorney in Charge

                                                      **Ben King**

Texas State Bar No. 24048592
**Nix Patterson & Roach L.L.P.**
2900 St. Michael Drive, Ste. 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8520 (facsimile
benking@nixlawfirm.com

**Edward Chin**
Texas State Bar No. **50511688**
**Kirk Voss**
Texas State Bar No. 24075229
**Christian Hurt**
Texas State Bar No. 24059987
**Ross Leonoudakis**
Texas State Bar No. 24087915
**Winn Cutler**
Texas State Bar BNo. 24084364
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
kirkvoss@me.com
christianhurt@nixlawfirm.com
rossl@nixlawfirm.com
winncutler@nixlawfirm.com

**ATTORNEYS FOR PLAINTIFF
INTELLECTUAL VENTURES II L.L.C.**

*/s/ Vernon M. Winters*
**Vernon M. Winters**
California State Bar No. 130128
**Sidley Austin L.L.P.**
555 California Street, Suite 2000
San Francisco, CA  94104
415.772.1200 (telephone)
415.772.7400 (facsimile)
vwinters@sidley.com

**David T. DeZern**
Texas State Bar No. 24059677
**Sidley Austin L.L.P.**
2001 Ross Avenue, Ste. 3600
Dallas, Texas  75201

        214.981.3300 (telephone)
        214.981.3400 (facsimile)
        ddezern@sidley.com

**ATTORNEYS FOR DEFENDANTS BITCO GENERAL INSURANCE CORPORATION, f/k/a BITUMINOUS CASUALTY CORPORATION; and BITCO NATIONAL INSURANCE COMPANY, f/k/a BITUMINOUS FIRE AND MARINE INSURANCE COMPANY**

**AND**

**GREAT WEST CASUALTY COMPANY**

## CERTIFICATE OF CONFERENCE

I hereby certify that Edward Chin, counsel for Plaintiff, and Erik Carlson, counsel for Defendants, met and conferred regarding the relief requested in this Motion on June 18-19, 2015. The parties were unable to reach agreement as to the contested issue described in this motion and seek the Court's ruling to resolve their disagreement.

/s/ Edward Chin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record via the Court's CM/ECF service on this 19th day of June, 2015.

/s/ Edward Chin