IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Intellectual Ventures II LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 6:15-cv-59 |
| **BITCO General Insurance Corporation, et al.** | § § § § | |
| Defendant. | § | |

### ORDER

Before the Court is the Defendant's Motion to Transfer Venue to the Central District of Illinois. (Dkt. No. 34.) At the Defendant's request (Dkt. No. 49), the Court held an oral argument concerning the motion on August 28, 2015, in Marshall, Texas. At that hearing, the Court directed that the Declarant Craig Mowry be present and testify. (Dkt. No. 73.) After considering the briefing, the live testimony of the declarant, and the attorney's argument presented at the hearing, the Court hereby **DENIES WITHOUT PREJUDICE** the Defendant's Motion to Transfer Venue. (Dkt. No. 49.)

**I.    Analysis**

Declarant Craig Mowry is the Senior Vice President of Information Technology at Bitco Corporation, a non-insurance holding company located in Rock Island, Illinois. (Mowry Decl. ¶ 1.) Mr. Mowry made certain declarations about the location of employees that are responsible for the design, development, operation, maintenance, and other activities concerning Bitco's website, which is targeted in Plaintiff's complaint. (*Id.* ¶ 9.)

The Plaintiff alleges that Bitco's website infringes their patents—U.S. Patent No. 7,516,777, titled "Apparatus for distributing content objects to a personalized access point of a

user over a network-based environment and method," and U.S. Patent No. 8,929,555, titled "Data encryption systems and methods." (Pl.'s Resp. at 2, Dkt. No. 40.)

It is undisputed that Bitco maintains two branch offices in the state of Texas. (Mowry Decl. ¶ 15.) However, it appears to be disputed whether the employees who work at those offices actually use the accused website and thereby infringe the patents-in-suit. Counsel for Bitco explicitly stated in their Motion to Transfer Venue that the employees who work at those branch offices were <u>not involved in the use of the website</u>, citing to the declaration of Mr. Mowry for support. (Def.'s Mot. at 10; Dkt. No. 34.)

The Plaintiff notes that declarant Mr. Mowry took precisely the opposite position in his deposition. (Pl.'s Resp. at 6–7.) There, the following exchange took place:

> Q. And are the -- are the people who are associated with the claims and underwriting presence in [Irving], are those BITCO employees?
>
> A. Yes.
>
> Q. Do you know how many employees are in that office?
>
> A. I have a rough estimate. I believe it is roughly 30 in the [Irving office] . . . .
>
> Q. . . . And do they use the portal website at that location?
>
> A. Yes.

(Mowry Dep. at 55:8–21; Dkt. No. 40-10.)

In an attempt to resolve the above situation, the Court called the declarant to testify at the hearing held on August 28, 2015. The following exchange took place:

> Q. (Court) Now, relying on that declaration, the lawyers representing your company, in preparing their motion, cited your declaration for the proposition that the employees who work there -- and, again, that's Irving and San Antonio – weren't and aren't involved in the development or use of the accused websites. Did you ever say that the employees in Arlington -- excuse me, in Irving or San Antonio did not use the accused websites?

>   A. (Mr. Mowry) I did not say that.
>   . . .
>   Q. (Court) Do you believe that the representation to the Court in the motion to transfer venue, relying on your declaration as support that the employees in those locations do not use the websites, is accurate?
>
>   A. (Mr. Mowry) No, it is not.

(Hr'g Tr. 12:9–13.)

When important venue facts—such as whether or not Bitco's own employees use the allegedly infringing product within the state of Texas—are so overtly mischaracterized, the Court rightfully hesitates to accept the rest of the attorney's arguments or the declarant's statements. The Court, in such a setting, must of necessity judge the credibility and the proper weight, if any, to be given to the representations of counsel and the statements of a declarant. Here, seeds of serious doubt have been sown by the movant, the result of which must fall solely upon the movant; consequently, the Court **ORDERS** the following:

(1) All characterizations and factual references of Mr. Mowry's declaration, made by Bitco's attorney in the Motion to Transfer Venue, are hereby **STRUCK** from the record.

(2) The Court hereby **DENIES WITHOUT PREJUDICE** the Defendant's Motion to Transfer as lacking factual support.

(3) If and when a subsequent Motion to Transfer Venue is filed, the Defendant is **ORDERED** to produce at least one new declarant and at least one new declaration supporting the factual nature of its contentions.

(4) Additional mischaracterizations by counsel of venue facts and misstatements as to any supporting declarations will hereafter be deemed intentional acts worthy of scrutiny under Federal Rule of Civil Procedure Rule 11.

(5) Before any renewed Motion to Transfer Venue is filed, the Plaintiff is afforded the right to take a one-half-day, four-hour deposition of the new declarant selected by the

Defendant. Such declarant's factual assertions regarding venue must be reduced to a written declaration and served on Plaintiff's counsel at least three (3) days prior to such subsequent deposition. Defendant may file its subsequent Motion to Transfer Venue after (but not before) such deposition has been completed. Failing a mutual agreement by the parties as to a different location for such deposition, it shall be taken within the confines of the Dallas-Fort Worth International Airport. All costs reasonably incurred because of said deposition are to be paid directly by the Defendant. Additionally, the billable time of Plaintiff's counsel to prepare for, travel to and from, and participate in such deposition shall be reimbursed to Plaintiff by Defendant, up to but not to exceed $5,000.

(6) The Defendant's Motion for a Stay (Dkt. No. 66) is also **DENIED**.

**So ORDERED and SIGNED this 14th day of September, 2015.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE